No. 56 January 28, 2026 763

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of V. R. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H.,
*Appellant.*

Lincoln County Circuit Court
25JU00142; A187537

Joseph C. Allison, Judge pro tempore.

Submitted November 20, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment asserting dependency jurisdiction over her child, V, who was four years old at the time of the jurisdictional trial. In four assignments of error, mother challenges each individual basis on which the juvenile court asserted jurisdiction, as well as the ultimate ruling to assert dependency jurisdiction over V. We affirm.

Because mother challenges the sufficiency of the evidence, the question before us is purely legal. We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, usually and in this case the Oregon Department of Human Services, bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances and a threat of harm to the child of the type, degree, and duration as to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

In this case, as relevant to mother, the juvenile court asserted dependency jurisdiction over V on three bases related to mother's exposure of V to an unsafe living

environment, specifically one that was unsanitary, dangerous, and resulted in V's exposure to controlled substances (allegations A, B, and D in the petition); on the basis that mother's substance abuse impairs her ability to safely parent V (allegation C in the petition); and on the basis that mother's "mental health challenges impair her ability to safely parent" V (allegation H in the petition). Mother argues that the evidence was legally insufficient to establish that those conditions and circumstances existed or that they exposed V to a current and nonspeculative threat of serious loss or injury at the time of the jurisdiction trial.

Having reviewed the evidentiary record and considered mother's arguments, we conclude that the evidence was legally sufficient to support the assertion of dependency jurisdiction on each basis. We therefore affirm.

Affirmed.